Filed 11/2/22  P. v. Holmes CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094576 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F06126) |
| v. | OPINION ON TRANSFER |
| JESSICA HOLMES, | |
| Defendant and Appellant. | |

Defendant Jessica Holmes appeals the trial court's order denying her petition for resentencing under Penal Code former section 1170.95 (now renumbered as section 1172.6 (Stats. 2022, ch. 58, § 10)); statutory section citations that follow are to the Penal Code) based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  Defendant contends the trial court erred by relying on the jury's special circumstance finding to deny the petition.

We filed an unpublished opinion on June 28, 2022, affirming the trial court's order.  Our Supreme Court granted review of the matter on September 28, 2022, and

1

transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).  Defendant submitted supplemental briefing arguing the case should be remanded to the trial court; the People did not file a supplemental brief.  We will reverse the trial court's order and remand the matter for further proceedings.

### FACTS AND HISTORY OF THE PROCEEDINGS

On our own motion, we take judicial notice of the opinion deciding defendant's direct appeal to provide basic factual context.  (Evid. Code, § 452, subd. (d).)  Over the course of two weeks in 2005, defendant, along with codefendants Joseph Terrell Johnson and Corey Schroeder, "robbed or attempted to rob at least five gas stations in the Sacramento area."  (*People v. Johnson et al.* (2010) 183 Cal.App.4th 253, 261.)  In one of the attempts, Johnson shot and killed the victim, a gas station employee.  (*Id.* at pp. 267-269.)  A jury found defendant guilty of murder (§ 187, subd. (a)), attempted robbery (§§ 211, 664), and found true an allegation that the murder occurred in the commission of the attempted robbery (§ 190.2, subd. (a)(17)).  The jury also found defendant guilty of three other counts of robbery and one count of attempted robbery, and found true firearm enhancement allegations as to all counts (§ 12022, subd. (a)(1)).  On appeal, we affirmed the convictions, modified defendant's custody credits, and corrected the abstract of judgment.  (*Johnson et al.*, at p. 301.)

In 2019, defendant filed a petition for resentencing pursuant to former section 1170.95.  On the form, she checked various boxes stating that a complaint was filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that at trial she was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that she could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective

2

January 1, 2019.  Defendant also checked the boxes stating that she was not the actual killer, did not aid or abet with the intent to kill, and was not a major participant in the felony or acted with reckless indifference to human life.  The petition also attached points and authorities discussing the factual background of defendant's case and arguing she was not a major participant in the underlying felony and did not act with reckless indifference to human life under the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).  Also attached were several documents from defendant's record of conviction, such as a copy of the direct appeal opinion, reporter's transcripts from various parts of her trial, and jury verdict forms.  The parties filed briefing.

The trial court denied the petition in a written order.  Noting that the jury was instructed on the special circumstance allegations using CALCRIM No. 703, the court observed that "to find the attempted-robbery-murder special circumstance true it must find the defendant was the actual killer, or acted with intent to kill, or was a major participant in the robbery who acted with reckless indifference to human life."  The court recited an excerpt from the direct appeal opinion, and noted that the special circumstance finding was made before the *Banks* and *Clark* opinions had been issued.  Explaining that there was currently a split in case law as to whether a defendant could challenge a pre-*Banks*/*Clark* special circumstance finding with a section 1170.95 petition, the court determined defendant was required to seek relief in a habeas corpus proceeding before obtaining section 1170.95 relief.  The trial court stated it was unclear whether the facts of defendant's case, as it recalled them, would survive review under the *Banks*/*Clark* standard, but that the statutory language of section 1170.95 and the case law interpreting that language made clear that defendant would need to seek such relief in habeas corpus. The court thus denied the petition without prejudice to refile if defendant could later obtain habeas relief.

3

DISCUSSION

Defendant argues the trial court was incorrect that she is required to seek habeas relief before she can be eligible for resentencing under former section 1170.95. She contends the trial court erred in summarily denying defendant's petition on the special circumstance finding because, in *Banks* and *Clark*, which were decided after her trial, our Supreme Court modified the analysis for "major participant" and "reckless indifference to human life." Thus, the special circumstance finding should not have made her ineligible for relief. We agree.

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95 to provide a resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences doctrine . . . ." (Former § 1170.95, subd. (a).) Senate Bill 775 later amended former section 1170.95, effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, without any changes in text. (Stats. 2022, ch. 58, § 10.) Section 1172.6 includes a prima

4

facie determination.  Under subdivision (c), the trial court must receive briefing from the parties and "determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§ 1172.6, subd. (c).)  To make this prima facie determination, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made."  (*People v. Lewis* (2021) 11 Cal.5th 952, 970.)  If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings.  (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include attempted robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life."  (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.)  Thus, at the time of the trial court's decision, a special circumstance finding arguably satisfied the requirements for accomplice murder liability, even after Senate Bill 1437.  (§ 189, subd. (e).)

Following the trial court's decision, however, the Supreme Court issued its decision in *Strong, supra*, 13 Cal.5th 698, which concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437."  (*Id*. at p. 710.)

Considering the issue in the context of issue preclusion, the court observed, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue.  Our earlier discussion of

5

habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. Senate Bill 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).) A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong, supra*, 13 Cal.5th at pp. 717-718.)

The Supreme Court also considered whether "a court may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong, supra*, 13 Cal.5th at p. 719.) Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce . . . might have fundamentally altered trial strategies," and may have affected what jury instructions were requested or given. (*Id.* at p. 719.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id.* at p. 720, fn. omitted.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts

to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.) Nor is there any requirement that a defendant first seek relief from such findings via habeas petition. (*Id.* at p. 714.)

Accordingly, the pre-*Banks/Clark* special circumstance finding in defendant's case does not preclude defendant's eligibility for relief as a matter of law. The trial court's decision is thus no longer supported, and we must reverse the order denying defendant's petition.

DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is reversed. The matter is remanded for the trial court to issue an order to show cause and conduct further proceedings consistent with section 1172.6, subdivision (d).


_____

HULL, Acting P. J.

We concur:


_____

DUARTE, J.


_____

RENNER, J.

7